CEDRIC PERRY, Employee, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Employer, Defendant

No. COA05-184

(Filed 21 February 2006)

**1. Appeal and Error— record and brief—multiple violations**

Although not dispositive, the Department of Correction violated the Rules of Appellate Procedure by submitting an unmanageable record with an inadequate index; by placing its assignments of error at the wrong point in the record and not including any record references; by including legal argument with

citations with its "non-argumentative" summary of the facts; and by not including pertinent record page numbers with the reference to assignments of error in the brief. DOC's conditional motion to amend the record and brief was not sufficient to remedy all of the violations.

**2. Appeal and Error— appealability—denial of stay—interlocutory order**

An appeal was interlocutory where the matter arose from a termination of workers' compensation benefits, subsequent orders, and the denial of a request for a stay. The order appealed from merely temporarily determines a portion of the action before further proceedings that may negate that order.

Appeal by defendant from an order entered 19 November 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 October 2005.

*Brantley, Jenkins, Riddle, Hardee & Hardee, by J. Christopher Brantley and Gene A. Riddle, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Gary A. Scarzafava, for defendant-appellant.*

GEER, Judge.

In this workers' compensation case, defendant, the North Carolina Department of Correction ("DOC"), appeals from the Industrial Commission's denial of DOC's motion for a stay of a decision of the Commission's Executive Secretary reinstating benefits after DOC unilaterally ceased paying benefits to plaintiff Cedric Perry for his admittedly compensable injury. Because this appeal is interlocutory and does not involve a substantial right that will be lost absent immediate review, we dismiss the appeal.

<u>Compliance with the Appellate Rules</u>

**[1]** We first address DOC's failure to comply with the Rules of Appellate Procedure. Rule 18(c)(1) requires that the record on appeal contain "an index of the contents of the record." DOC's index, after identifying material on four pages, then refers generally to pages 6 through 202 as "Exhibit 'A'." Contained in those unitemized 196 pages are all of the documents filed in the Industrial Commission. This index does not comply with Rule 18(c)(1) and results in an unmanageable record on appeal.

Rule 10(c)(1) (emphasis added) specifies the form to follow in making assignments of error: "A listing of the assignments of error upon which an appeal is predicated shall be stated *at the conclusion of the record on appeal . . . .*" The assignments of error must include "clear and specific record or transcript references." DOC, however, included its assignments of error on pages 4 and 5 of the record, and, following those assignments of error, it failed to include any record references.

With respect to the brief, Rule 28(b)(5) requires a statement of the facts that "should be a non-argumentative summary of all material facts." While some leeway must be granted for advocacy in the statement of facts, DOC's statement crosses the line and includes legal argument with case citations. In addition, Rule 28(b)(6) requires that each question presented in the brief shall be followed by "a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." Although DOC included a reference to the assignments of error in its brief, it did not reference the pertinent page numbers of the record on appeal.

DOC did file a "Conditional Motion" to amend the record and its brief to supply the missing citations to the record following the assignments of error. In that motion, however, DOC does not acknowledge any failure to comply with the rules. Instead, despite the fact that its record and brief cannot be reconciled with the plain language of the Rules, DOC asserts that it "believes" that its record and brief are "in compliance with the Rules of Appellate Procedure" and states that it is moving to amend only if "this Court deem[s] it necessary for compliance with the Rules." Suffice it to say that the motion is necessary, but not sufficient, to remedy all of the violations. We need not, however, decide whether DOC's violations require dismissal, *see Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 610 S.E.2d 360 (2005) (per curiam), because DOC's appeal is interlocutory and must be dismissed.

## The Interlocutory Nature of the Appeal

[2] After plaintiff was injured in a motor vehicle accident, DOC admitted that plaintiff's claim was compensable and paid him benefits pursuant to a State salary continuation plan. *See* N.C. Gen. Stat. § 143-166.13 *et seq.* (2005). While on 2 December 2003, DOC filed a Form 24 application to terminate benefits because, according to DOC, plaintiff was able to return to work, it subsequently withdrew

the Form 24 application on 22 December 2003. The administrative order removing the application from the informal hearing calendar specified that "[s]hould a dispute arise hereafter which is not resolved by the parties, the defendants may submit a new Form 24 setting forth the new issue . . . ." Nevertheless, DOC unilaterally ceased paying benefits without filing a new Form 24 or otherwise seeking approval from the Commission.

On 19 March 2004, plaintiff filed "a motion to reinstate benefits and for sanctions against the defendants for terminating benefits without filing a Form 24." On 23 April 2004, Executive Secretary Tracey H. Weaver entered the following order: "Upon motion of plaintiff['s] counsel and for good cause showing defendants are hereby ordered to reinstate temporary total disability compensation to employee as of last date of salary payment; defendants are further ordered to pay a 10% penalty for all sums not paid within 14 days of date due."

On 30 April 2004, a Key Risk senior claims representative wrote the Executive Secretary stating that she had not received a copy of plaintiff's motion until after receiving the Executive Secretary's order. The letter sought reconsideration of the order, enclosed medical records and other documents relating to plaintiff's ability to return to work, and stated that "[t]he most pressing disputed issue relates to Mr. Perry's return to work, however there are additional issues involving medical opinions and we feel these matters should be resolved via an evidentiary hearing, rather than in an administrative forum." Plaintiff argued in response that benefits should continue to be paid since DOC had not yet sought permission to terminate benefits under N.C. Gen. Stat. § 97-18.1 (2005).

On 23 July 2004, the Executive Secretary entered the following order:

> Based on a review of the defendants' request for reconsideration, IT IS HEREBY ORDERED that the defendants' request is GRANTED. The undersigned has now reviewed the original Motion, the defendants' filing dated May 4, 2004, the issue that is presented regarding the cessation of compensation when the compensation being paid is salary continuation in lieu of temporary total disability compensation.

> After reconsideration, IT IS HEREBY ORDERED that the April 23, 2004 Order is affirmed and remains in full force and effect.

*It is noted that the defendants may appeal this Administrative Order on this significant issue. The defendants, however, shall comply with this Order by issuing payments to the plaintiff, and then may request a credit if there is a different outcome following a full evidentiary hearing.*

(Emphasis added.)

On 3 August 2004, DOC filed a request for a hearing *de novo* and asked that the case be placed on the hearing docket as soon as possible. DOC also filed a separate request for a stay of the 23 July 2004 administrative order. On 18 October 2004, the parties appeared for the *de novo* hearing before Deputy Commissioner Philip A. Baddour, III. At the hearing, DOC contended it had not yet complied with the 23 July 2004 order because the Executive Secretary had not ruled on its request for a stay.

Also on 18 October 2004, the Executive Secretary denied DOC's motion for a stay. When Deputy Commissioner Baddour received the Executive Secretary's denial on 19 October 2004, he wrote the parties that the issue "whether defendant may properly fail to comply with an administrative order while a request for a stay is pending, . . . is now moot because the Executive Secretary has now denied defendant's request for a stay." The Deputy Commissioner stated: "I trust that the defendant will now comply with the administrative Order of July 23, 2004." He stated that if DOC did not comply, the proper procedure would be for plaintiff to file a formal motion to show cause directed to Chief Deputy Commissioner Stephen T. Gheen. The Deputy concluded that "[a]fter the issue of defendant's failure to comply with the July 23, 2004 Order has been resolved, the parties should request that the hearing of this matter by the undersigned be reconvened to address all other pending issues."

On 29 October 2004, DOC filed a request pursuant to Rule 703 of the Workers' Compensation Rules seeking a stay from the Executive Secretary's administrative order.[1] On 1 November 2004, plaintiff filed a motion to show cause why DOC should not be held in civil contempt for willful refusal to comply with the 23 April 2004 order of the Executive Secretary. Plaintiff sought an order that DOC immediately

---

1. Rule 703(2) provides that "the Administrative Officer making the Decision or a Commissioner may enter an Order staying its effect pending the ruling on the Motion for Reconsideration or pending a Decision by a Commissioner or Deputy Commissioner following a formal hearing. In determining whether or not to grant a stay, the Commissioner or Administrative Officer will consider whether granting the stay will frustrate the purposes of the Order, Decision, or Award."

pay plaintiff the past due temporary total disability benefits, a 10% penalty on all amounts more than 14 days past due, attorneys' fees, and "sanctions, the amount to be determined by the Industrial Commission." The next day, DOC forwarded a letter to Deputy Commissioner Baddour making an "informal request that [he] voluntarily step down as the Deputy Commissioner in this case," arguing that "further proceedings before [him] would constitute something less than the true *de novo* hearing for the parties on the central issue of whether benefits are owed." The record contains no order regarding plaintiff's motion to show cause or defendant's "informal request."

On 19 November 2004, Buck Lattimore, Chairman of the Industrial Commission, filed an order denying DOC's request for a stay of the three administrative orders filed by the Executive Secretary on 23 April 2004, 23 July 2004, and 18 October 2004. On the same date, DOC filed a notice of appeal from that denial. On 14 December 2004, DOC filed an amended notice of appeal stating:

> NOW COMES the Defendant-Employer, N.C. DEPARTMENT OF JUVENILE JUSTICE, who hereby gives NOTICE OF APPEAL to the NORTH CAROLINA COURT OF APPEALS from the ORDER for the Full Commission, filed by Chairman Lattimore on November 18, 2004. Defendant-Employer asserts that it has exhausted its administrative remedy pursuant to I.C. Rule 703, and that it is entitled to appeal the ORDER of the Full Commission pursuant to Section 97-86 and because said ORDER affects a substantial right.

Prior to the filing of the briefs in this appeal, plaintiff moved to dismiss the appeal as interlocutory. In its response opposing this motion, DOC asserted that it was appealing a sanctions order and, therefore, was entitled to proceed interlocutorily. *See Adams v. M.A. Hanna Co.*, 166 N.C. App. 619, 623, 603 S.E.2d 402, 405 (2004) ("[A]n order imposing sanctions may affect a substantial right, and thus be immediately appealable."). Based on plaintiff's motion and DOC's response, the motion was denied.

The appellate briefs, however, filed nearly a month after the motion was denied, showed that DOC in fact was appealing only from Chairman Lattimore's order denying DOC's motion for a stay of the order compelling payment of benefits and not from any imposition of a sanction. DOC acknowledges that "the parties are entitled to a *de novo*, formal (evidentiary) hearing on the issue whether Plaintiff-Appellee is entitled to benefits. . . . By this appeal, the Appellant-

Defendant is not requesting to delay that hearing." Since DOC has not appealed from any sanction order, we must, therefore, determine whether there is another basis for jurisdiction in this Court.

"An appeal from an opinion and award of the Industrial Commission is subject to the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions. Parties have a right to appeal any final judgment of a superior court. Thus, an appeal of right arises only from a final order or decision of the Industrial Commission." *Ratchford v. C.C. Mangum, Inc.*, 150 N.C. App. 197, 199, 564 S.E.2d 245, 247 (2002) (internal citations and quotation marks omitted). A decision of the Industrial Commission "is interlocutory if it determines one but not all of the issues in a workers' compensation case." *Id.* A decision that "on its face contemplates further proceedings or which does not fully dispose of the pending stage of the litigation is interlocutory." *Watts v. Hemlock Homes of the Highlands, Inc.*, 160 N.C. App. 81, 84, 584 S.E.2d 97, 99 (2003).

Our Court has already held that an order denying a stay is an interlocutory order not subject to immediate appeal: "Defendants cite no authority for the proposition that denial of a stay is appealable. We find no such authority in North Carolina. We do, however, find caselaw in other jurisdictions holding that the denial of a stay is not immediately appealable." *Howerton v. Grace Hosp., Inc.*, 124 N.C. App. 199, 201, 476 S.E.2d 440, 442-43 (1996). In this case, DOC has not addressed *Howerton* or cited any authority justifying an immediate appeal of the denial of a stay.

Instead, DOC argues that the denial of the stay deprives it of a substantial right that will be lost absent immediate review. *See id.*, 476 S.E.2d at 443 (holding, in an appeal from denial of a stay, that "defendants must show that the trial court's decision deprives them of a substantial right which will be lost absent immediate review"). Our cases have established a two-part test for determining whether an interlocutory order affects a substantial right. First, the right itself must be substantial. *Ward v. Wake County Bd. of Educ.*, 166 N.C. App. 726, 729, 603 S.E.2d 896, 899 (2004), *disc. review denied*, 359 N.C. 326, 611 S.E.2d 853 (2005). Second, the deprivation of that substantial right must potentially work injury if not corrected before appeal from a final judgment. *Id.* at 729-30, 603 S.E.2d 899.

DOC argues that a substantial right is involved because it will be required to pay benefits prior to any determination that such

benefits are due and that if these payments are later determined not to be due, then there "is no probability of recovery." DOC also argues that these circumstances mean that the denial of the stay "[i]n effect determines the action and prevents a judgment from which appeal might be taken" under N.C. Gen. Stat. § 7A-27(d)(2) (2005). We disagree.

These same circumstances arise in almost every case in which a workers' compensation defendant fails to prevail in connection with a Form 24 request to terminate benefits.[2] To allow a defendant to take an interlocutory appeal from any requirement that it continue to pay benefits pending Commission proceedings would result in precisely the " 'yo-yo' procedure, up and down, up and down," which this Court has held "works to defeat the very purpose of the Workers' Compensation Act." *Hardin v. Venture Constr. Co.*, 107 N.C. App. 758, 761, 421 S.E.2d 601, 602-03 (1992). Even if, as DOC apparently assumes, the case could proceed on its merits while the interlocutory appeal was pending, this Court would ultimately be asked to decide very similar issues twice, once on the limited administrative record and a second time on a full record. *See Berger v. Berger*, 67 N.C. App. 591, 595, 313 S.E.2d 825, 828, *disc. review denied*, 311 N.C. 303, 317 S.E.2d 678 (1984) (observing that the rule prohibiting interlocutory appeals is intended "to prevent delay and expense from fragmentary appeals and to expedite the administration of justice").

In other contexts when a party has been required to make payments *pendente lite*, this Court has nonetheless held that no substantial right exists to justify an interlocutory appeal. *See, e.g., Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001) ("Interlocutory appeals that challenge only the financial repercussions of a separation or divorce generally have not been held to affect a substantial right."); *cf. Berger*, 67 N.C. App. at 600, 313 S.E.2d at 831 (holding that a defendant could be held in contempt for failing to pay "a nonappealable *pendente lite* award" because payment of such an award could not be stayed pending an interlocutory appeal by the posting of a bond). When the sole issue is the payment of money pending the litigation, we see no reason why a different result should occur in workers' compensation cases.

---

2. Rule 404(5) of the Workers' Compensation Rules, for example, provides "[i]f the Deputy Commissioner reverses an order previously granting a Form 24 motion, the employer or carrier/administrator shall promptly resume compensation or otherwise comply with the Deputy Commissioner's decision, notwithstanding any appeal or application for review to the Full Commission under N.C. Gen. Stat. § 97-85."

N.C. Gen. Stat. § 7A-27(d)(2), also cited by DOC, permits an immediate appeal only when the ruling being appealed has effectively determined the entire action. The interlocutory order being appealed in this case, however, merely temporarily determines a portion of the action before further proceedings come about that may negate that order and does not, therefore, justify an interlocutory appeal. *Cf. Lee County Bd. of Educ. v. Adams Elec., Inc.*, 106 N.C. App. 139, 141-42, 415 S.E.2d 576, 577 (1992) (where the trial court had not yet determined if the parties had entered into an enforceable contract requiring arbitration, an order granting a preliminary injunction enjoining arbitration did not "determine the action").

We note further that had DOC proceeded in an orderly fashion rather than with an interlocutory appeal of the denial of a stay, N.C. Gen. Stat. § 97-86 (2005) provides that upon appeal "from the decision of the Commission, . . . said appeal or certification shall operate on a supersedeas except as provided in G.S. 97-86.1, and no employer shall be required to make payment of the award involved in said appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this Article." Further, when an employer meets the requirements of N.C. Gen. Stat. § 97-42 (2005), it may receive a credit for overpayments. *Moretz v. Richards & Assocs., Inc.*, 316 N.C. 539, 542, 342 S.E.2d 844, 846 (1986) ("Because defendants accepted plaintiff's injury as compensable, then initiated the payment of benefits, those payments were due and payable and were not deductible under the provisions of section 97-42, *so long as the payments did not exceed the amount determined by statute or by the Commission to compensate plaintiff for his injuries*." (emphasis added)). Indeed, the Executive Secretary specifically provided that DOC "shall comply with this Order by issuing payments to the plaintiff, and then may request a credit if there is a different outcome following a full evidentiary hearing."

With respect to DOC's alternative contention—included in the response to the motion to dismiss—that it is appealing from the imposition of a sanction, that brief when read in conjunction with the record reveals that no sanction is at issue. While the Executive Secretary ordered reinstatement of the unilaterally suspended benefits, she noted that DOC had raised a "significant issue" and did not impose any sanctions. The only possible sanction reflected in the record is the Executive Secretary's provision in her first order that defendant "pay a 10% penalty for all sums not paid within 14 days of date due." DOC has not, however, made any argument in its assign-

**LIGON v. STRICKLAND**

[176 N.C. App. 132 (2006)]

ments of error or in its brief regarding the 10% penalty. Without appeal of a sanction, no substantial right exists justifying interlocutory review.

### Conclusion

We conclude Chairman Lattimore's order is interlocutory and that DOC has failed to establish a basis for this Court's asserting jurisdiction over this interlocutory appeal. The appeal is, therefore, dismissed.

Dismissed.

Judges WYNN and McGEE concur.