CATHY BERARDI, Plaintiff; Employee v. CRAVEN COUNTY SCHOOLS, Employer, KEY RISK MANAGEMENT SERVICES, Third Party Administrator; Carrier, Defendants

No. COA09-702

(Filed 2 February 2010)

**Appeal and Error— interlocutory orders—workers' compensation—expedited medical treatment**

An appeal by defendants in a workers' compensation case from an order for expedited medical treatment was from an interlocutory order and did not affect a substantial right. Rulings in compliance with N.C.G.S. § 97-78(f) and (g) must necessarily be expedited, are interlocutory, and are entered without prejudice to the subsequent resolution of the contested issues in the case.

Appeal by defendants from order filed 20 February 2009 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 18 November 2009.

*Lennon & Camak, PLLC, by Michael W. Bertics, for the plaintiff-appellee.*

*Prather Law Firm, by J.D. Prather, for defendants-appellants.*

STEELMAN, Judge.

Where defendants appeal from an order of the North Carolina Industrial Commission issued under the Expedited Medical Motions Procedure, such appeal is interlocutory and not properly before this Court.

## I. Factual and Procedural Background

On 23 October 2003, Cathy Berardi (plaintiff) suffered an injury to her lower back in the course and scope of her employment with the Craven County Schools (defendant). On 11 May 2004, Key Risk Insurance Company, defendant's carrier, executed an IC Form 60 admitting plaintiff's right to compensation pursuant to N.C. Gen Stat. § 97-18(b). Plaintiff was paid temporary total disability benefits.

On 16 September 2005, defendants filed an application with the Industrial Commission to terminate temporary total disability benefits. This application was denied by the Industrial Commission on 4 April 2008. This Court affirmed the decision of the Industrial Commis-

sion by an unpublished opinion, *Berardi v. Craven County School District,* —— N.C. App. ——, 675 S.E.2d 154 (2009) (unpublished).

Plaintiff's authorized treating physician is Dr. Kirk Harum (Dr. Harum), a pain management specialist. Dr. Harum treated plaintiff for pain with medication, facet block injections and radiofrequency ablations. Dr. Harum prescribed additional radiofrequency ablation procedures, which defendants refused to authorize. On 9 October 2008, plaintiff filed an IC Form 33 requesting that defendants be compelled to authorize the treatments under the expedited procedures for handling medical treatment requests authorized under N.C. Gen. Stat. § 97-78(f) and (g). On 20 February 2009, the Industrial Commission filed an order approving the radiofrequency ablation procedure and directing defendants to authorize the treatment within ten days.

Defendants appeal.

## II. Interlocutory Order

We must first consider plaintiff's motion to dismiss defendants' appeal as being interlocutory. We hold that the order of the Industrial Commission is interlocutory, and dismiss defendants' appeal.

### A. Appeals from the Industrial Commission

An appeal from an Opinion and Award of the Industrial Commission is subject to the "same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." N.C. Gen. Stat. § 97-86 (2007). " 'Parties have a right to appeal any final judgment of a superior court. Thus, an appeal of right arises only from a final order or decision of the Industrial Commission.' " *Cash v. Lincare Holdings,* 181 N.C. App. 259, 263, 639 S.E.2d 9, 13 (2007) (quoting *Ratchford v. C.C. Mangum, Inc.,* 150 N.C. App. 197, 199, 564 S.E.2d 245, 247 (2002)). A decision of the Industrial Commission that determines one but not all of the issues in a case is interlocutory, as is a decision which on its face contemplates further proceedings or "does not fully dispose of the pending stage of the litigation." *Id.* (quoting *Perry v. N.C. Dep't. of Corr.,* 176 N.C. App. 123, 129, 625 S.E.2d 790, 794 (2006)). However, immediate review of an interlocutory decision is proper where it affects a substantial right. *Id.* at 263, 639 S.E.2d at 13.

### B. Provisions of G.S. 97-78(f)&(g) and Expedited Motion Procedure

Prior to the adoption of the Expedited Medical Motion Procedure by the Industrial Commission on 22 July 2008, a dispute over medical

treatment could be resolved through a full evidentiary hearing under N.C. Gen. Stat. § 97-83 or by filing a Motion to Compel Medical Treatment pursuant to Rule 609(a)(1) of the Workers' Compensation Rules of the North Carolina Industrial Commission. Either of these routes involves a lengthy and protracted process, during which time the employee could be deprived of necessary medical treatment. This process could be further delayed by appeal to the Court of Appeals as a result of N.C. Gen. Stat. § 97-86, which provides for supersedeas as to the decision of the Commission, except as provided in N.C. Gen. Stat. § 97-86.1.

To deal with this problem, the General Assembly enacted 2007 N.C. Sess. Laws ch. 323, § 13.4A.(a), which added subsections (f) and (g) to the provisions of N.C. Gen. Stat. § 97-78. These amendments required the Industrial Commission to prepare and implement a strategic plan for "expeditiously resolving requests for, or disputes involving, medical compensation under G.S. 97-25, including selection of a physician, change of physician, the specific treatment involved, and the provider of such treatment." N.C. Gen. Stat. § 97-78(f)(2). Subsection (g) requires the Industrial Commission to include certain data in its annual report concerning medical compensation disputes, including the number of disputes not resolved "within 45 days of the filing of the motion." N.C. Gen. Stat. § 97-78(g)(2).

In response to this directive from the General Assembly, the Industrial Commission adopted the Expedited Medical Motions Procedure. This provides for an initial administrative review of the motion, with an appeal to a Deputy Commissioner, and a further appeal to the Full Commission. Time periods for conducting discovery, filing briefs, and the filing of orders are abbreviated. The Medical Motions Procedure contains an estimate of 30 days to complete an appeal before the Deputy Commissioner and 30 to 45 days to complete an appeal before the Full Commission.

## C. Application

The ruling of the Industrial Commission under the Medical Motions Procedure was not a final ruling that determined all issues in the case and was therefore interlocutory. *Cash*, 181 N.C. App. at 263, 639 S.E.2d at 13. Defendants seek a determination by this Court that the medical conditions of which plaintiff complains were not caused by a compensable injury, and therefore, that the radiofrequency ablation treatment should not have been authorized by the Industrial Commission. This issue has yet to be ruled upon by the Industrial

Commission. Further, this Court has already affirmed the ruling of the Industrial Commission that denied defendants' motion to terminate plaintiff's temporary total disability benefits.

We hold that defendants' appeal does not affect a substantial right. The enactment of N.C. Gen. Stat. § 97-78(f) and (g) by the General Assembly mandates that medical treatment issues be handled expeditiously. In order to comply with these statutory amendments, rulings must necessarily be expedited, are interlocutory, and entered without prejudice to the subsequent resolution of the contested issues in the case.

Defendants' appeal is dismissed.

APPEAL DISMISSED.

Judges McGEE and STEPHENS concur.