WILLIAM E. THOMAS EMPLOYEE, PLAINTIFF v. CONTRACT CORE DRILLING & SAWING, EMPLOYER, STONEWOOD INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA10-438

(Filed 4 January 2011)

**Appeal and Error— interlocutory orders and appeals—partial Industrial Commission opinion**

An appeal from the Industrial Commission was dismissed where the opinion and award reserved the issues of the extent of the temporary disability and permanent partial disability. No substantial right would have been lost without immediate review.

Appeal by defendants from Opinion and Award entered 21 January 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 October 2010.

*The Sumwalt Law Firm, by Mark T. Sumwalt and Vernon Sumwalt, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Matthew P. Blake, for defendants-appellants.*

MARTIN, Chief Judge.

**THOMAS v. CONTRACT CORE DRILLING & SAWING**

[209 N.C. App. 198 (2011)]

On 4 October 2007, William Thomas suffered an injury to his left knee while working as a concrete cutter for defendant Contract Core Drilling & Sawing. The injury occurred when Mr. Thomas was attempting to throw a drop cord to another worker through an elevator shaft from the 7th floor to the 8th floor. Although Mr. Thomas realized that he was in an area with a "step down," which was one to two inches lower than the floor around it, he neither noticed it nor intended to step into the "step down." Mr. Thomas did, however, step off with his left leg into the "step down," causing all the weight to go onto that leg and, as he described in his 17 October 2007 recorded statement, his knee "snapped or whatever happened popped." He then immediately fell to the floor.

The following day, on 5 October 2007, Mr. Thomas went to see a physician at Pro-Med and was diagnosed with a left knee strain and possibly an ACL or collateral ligament tear. The physician at Pro-Med restricted him to walking no more than 50% of the day and work that would permit seated and walking periods. Mr. Thomas attempted to work the rest of the day on 5 October 2007 but, after that day, was not able to return to work.

On 22 October 2007, defendant carrier, Stonewood Insurance Company, executed an IC Form 61 denying the claim on the grounds that the injury did not occur by an accident arising out of and in the course of employment. On approximately 1 November 2007, Mr. Thomas called defendant-employer, Contract Core Drilling & Sawing, in order to inquire about his workers' compensation claim. He was informed that his claim was denied and his employment was terminated.

On 3 January 2008, Mr. Thomas filed an IC Form 33 requesting a hearing compelling defendants to compensate him for days of work missed, to pay his medical expenses and to pay him compensation for permanent partial disability.

Having lost his insurance through Contract Core Drilling & Sawing, Mr. Thomas became eligible for insurance through his wife's employment sometime in February 2008. He then saw Dr. Fleischli on 27 February 2008. Dr. Fleischli diagnosed chondromalacia of the patella in Mr. Thomas's left knee. He prescribed a cortisone shot and recommended an MRI. On July 3, 2008, the MRI revealed a tear of the medial meniscus. Surgery was performed on 9 August 2008. Dr. Fleischli testified at his deposition that Mr. Thomas's 4 October 2007 injury had aggravated his pre-existing chondromalacia and caused the meniscus tear. On 14 July 2009, the Deputy Commissioner

awarded Mr. Thomas temporary total disability compensation and reserved the issue of compensation for permanent partial disability for a future decision. Defendants appealed the award of the Deputy Commissioner to the Full Commission. On 21 January 2010, the Full Commission entered the following findings of fact:

> Plaintiff has not returned to work since October 5, 2007 and defendant-employer has not offered any work to accommodate his restrictions. At his deposition Dr. Fleishli stated that prior to the August 9, 2008 surgery, plaintiff had work restrictions of no kneeling, squatting, crawling, or heavy lifting. After the surgery, plaintiff was taken out of work for approximately twelve weeks. Plaintiff testified at the hearing before the Deputy Commissioner on November 13, 2008, that he had not been able to find work but that he also had not looked for work. However, it does not appear from the record that as of the hearing plaintiff had been told by Dr. Fleichli that he no longer had work restrictions. Also, as of that date plaintiff had not had sufficient time and opportunity to look for work in order to show whether he had any continuing disability as a result of the compensable injury. At the hearing plaintiff stated that his knee was "giving him a fit" and that his left leg "wants to fall out from under" him.

The Commission then concluded that the record contained "insufficient evidence regarding whether, after November 13, 2008, plaintiff was unable to obtain employment after a reasonable effort or whether it was futile for him to seek employment because of other factors." The Commission awarded Mr. Thomas temporary total disability compensation for the time period of 6 October 2007 through 13 November 2008. The Commission reserved the issue of compensation for permanent partial disability for a future decision and reserved the issue of the extent of plaintiff's disability, if any, after 13 November 2008 for future determination or agreement by the parties.

---

Defendants appeal, arguing that the Commission's findings of fact are not supported by competent evidence or are contrary to law. They specifically argue that Mr. Thomas's expert opinion evidence was inadequate and that the Commission failed by not answering crucial questions of fact, by relying on a purely subjective test to determine whether the "step down" was accidental, and by reserving issues for the taking of additional evidence. Before addressing their appeal, we must first consider Mr. Thomas's motion to dismiss a portion of the appeal. Because we find that the appeal is interlocutory and thus premature, we do not reach the merits of defendants' appeal.

**THOMAS v. CONTRACT CORE DRILLING & SAWING**

[209 N.C. App. 198 (2011)]

Mr. Thomas argues that the portion of the Opinion and Award which reserved the issue of whether he was disabled after 13 November 2008 for a future hearing is interlocutory and should be dismissed, but asserts that the portion of the Opinion which determined that his injury was by "accident" should not be dismissed as interlocutory because it implicates a substantial right. We conclude the appeal is wholly interlocutory, that no substantial right of defendants will be lost which may not be corrected if not reviewed before a final Opinion and Award by the Commission, and should be dismissed.

"A decision of the Industrial Commission that determines one but not all of the issues in a case is interlocutory, as is a decision which on its face contemplates further proceedings or 'does not fully dispose of the pending stage of the litigation.' " *Berardi v. Craven County Schools*, —— N.C. App. ——, ——, 688 S.E.2d 115, 116 (2011) (quoting *Cash v. Lincare Holdings*, 181 N.C. App. 259, 263, 639 S.E.2d 9, 13 (2007)), *disc. review denied*, 364 N.C. 239, 698 S.E.2d 74 (2011). We can find no precedent to treat an Award and Opinion in the piecemeal, partially interlocutory and partially non-interlocutory, manner as Mr. Thomas urges us to do. *See Plummer v. Kearney*, 108 N.C. App. 310, 313, 423 S.E.2d 526, 529 (1992) ("Even if the parties request and agree that only a specific issue rather than the entire controversy is to be decided by the Commission at a particular hearing, the order which issues is not a final order.") (citing *Fisher v. E. I. Du Pont De Nemours*, 54 N.C. App. 176, 177-78, 282 S.E.2d 543, 544 (1981) (parties cannot by agreement modify the scope of appellate review prescribed by statute)). Sound public policy exists justifying our policy of not entertaining appeals from interlocutory orders. *Shaver v. N.C. Monroe Const. Co.*, 54 N.C. App. 486, 487, 283 S.E.2d 526, 527 (1981). Notably, the rule prohibiting interlocutory appeals prevents the "delay and expense from fragmentary appeals" and "expedite[s] the administration of justice." *See Berger v. Berger*, 67 N.C. App. 591, 595, 313 S.E.2d 825, 828, (citing *Shaver*, 54 N.C. App. at 486, 283 S.E.2d at 526), *disc. review denied*, 311 N.C. 303, 317 S.E.2d 678 (1984).

Here, the Commission reserved both the issue of the extent of Mr. Thomas's temporary disability, if any, after 13 November 2008 and the issue of his permanent partial disability for future resolution. Its Opinion and Award with respect to causation and temporary total disability compensation from October 2007 until November 2008 was clearly interlocutory. *See Watts v. Hemlock Homes of Highlands, Inc.*, 160 N.C. App. 81, 84, 584 S.E.2d 97, 99 (2003) (holding that where

the Commission's Opinion and Award had yet to determine the total amount of compensation and there was nothing in the record to indicate that the parties had resolved this issue independently since the Commission entered its Opinion and Award that the appeal was clearly interlocutory).

While we certainly agree with the parties' argument that immediate review of an interlocutory decision is appropriate where the decision affects a substantial right, *Cash*, 181 N.C. App. at 263, 639 S.E.2d at 13, we discern no substantial right of defendants which will be lost if not reviewed before a final Opinion and Award by the Commission. "Our cases have established a two-part test for determining whether an interlocutory order affects a substantial right. First, the right itself must be substantial . . . . Second, the deprivation of that substantial right must potentially work injury if not corrected before appeal from a final judgment." *Perry v. N.C. Dept. of Corr.*, 176 N.C. App. 123, 129, 625 S.E.2d 790, 794 (2006) (citing *Ward v. Wake Cty. Bd. of Educ.*, 166 N.C. App. 726, 729-30, 603 S.E.2d 896, 899 (2004), *disc. review denied*, 359 N.C. 326, 611 S.E.2d 853 (2005)).

The parties cite to *Estate of Harvey v. Kore-Kut, Inc.*, 180 N.C. App. 195, 198, 636 S.E.2d 210, 212 (2006) in support of their contention that a substantial right is at issue in this appeal. We conclude *Harvey* is inapposite. In *Harvey* we held "[w]here the dismissal of an appeal as interlocutory could result in two different trials on the same issues, creating the possibility of inconsistent verdicts, a substantial right is prejudiced[.]" No such possibility exists here; the Commission has determined that Mr. Thomas's injury occurred by "accident," and has reserved for later determination issues relating to the extent and duration of his disability and compensation. If, after those issues are resolved, defendants are successful in their appeal of the Commission's determination that the injury was caused by "accident," then Mr. Thomas will not be entitled to any recovery. *See Berger*, 67 N.C. App. at 595, 313 S.E.2d at 828 ("Any error in the order not affecting a substantial right is correctable upon appeal from the final judgment"); *Perry*, 176 N.C. App. at 130, 625 S.E.2d at 795 ("When the sole issue is the payment of money pending the litigation, we see no reason why a different result [from earlier cases holding that there was not a substantial right at issue] should occur in workers' compensation cases."). If defendants' appeal is not successful, the Commission's Order and Award will stand.[1]

---

1. N.C.G.S. § 97-18, which governs the timing of payment of indemnity compensation awarded to a plaintiff by the Commission, states that "[t]he first installment of

**THOMAS v. CONTRACT CORE DRILLING & SAWING**

[209 N.C. App. 198 (2011)]

In conclusion, we believe that if we were to accept Mr. Thomas's invitation to review this case in the manner in which he suggests, we would act contrary to long-established precedent and throw open the appellate process to almost limitless fragmentary appeals. Therefore, the appeal is dismissed.

Appeal dismissed.

Judges STROUD and STEPHENS concur.

---

compensation payable under the terms of an award by the Commission . . . shall become due 10 days from the day *following expiration of the time for appeal from the award*[.]" N.C. Gen. Stat. § 97-18(e) (2009) (emphasis added). Since the present award is interlocutory and, thus, not appealable at this time, it can only be reasoned that the "time for appeal from this award" has not expired. Therefore, any disability compensation potentially owing to plaintiff under the award is not now due, nor shall it come due upon dismissal of this appeal.