ANDREA GREGORY, Employee/Plaintiff v. W.A. BROWN & SONS, PMA INSURANCE GROUP, Carrier/Defendants

No. COA10-1521

(Filed 7 June 2011)

**1. Appeal and Error— interlocutory orders and appeals— multiple appeals**

Although there is typically no right of immediate appeal from an interlocutory order, the Court of Appeals reached the merits of this workers' compensation case because the case had already been heard on appeal once before, was being heard on appeal a second time, and an issue had been reserved for future determination by the Industrial Commission which otherwise would result in an appeal for a third time.

**2. Workers' Compensation— failure to give timely written notice of incident—failure to show prejudice**

The Industrial Commission did not err in a workers' compensation case by concluding that defendants were not prejudiced by plaintiff's failure to give written notice of her work injury within thirty days after the incident as required by N.C.G.S. § 97-22. The evidence supported the Commission's findings that defendant had actual notice under the circumstances of this case that satisfied the twin aims of providing notice including opportunity both to promptly investigate the facts surrounding plaintiff's injury and visible pain, and to direct plaintiff's medical treatment.

Appeal by defendants from opinion and award entered 8 September 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 27 April 2011.

*DeVore Acton & Stafford, P.A., by William D. Acton, Jr., for plaintiff appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by M. Duane Jones and Neil P. Andrews, for defendant appellants.*

McCULLOUGH, Judge.

Defendants appeal from an opinion and award of the North Carolina Industrial Commission finding that defendants were not prejudiced by plaintiff's failure to give written notice of her work injury within 30 days. We affirm.

## I. Background

Andrea Gregory ("plaintiff") began working for W.A. Brown & Sons ("defendant-employer") in June 1999 as a metal shop worker building industrial walk-in coolers. As of October 2001, plaintiff had been experiencing intermittent lower back pain for approximately six months and was taking an over-the-counter medication for the pain. During the week of 11 October 2001, plaintiff alleged that she was lifting a container of metal pods, weighing approximately 60 pounds, when she heard her back "pop" and experienced a high level of pain in her lower back. Plaintiff immediately dropped the container as a result of the incident, and plaintiff's work partner, Tony Harding ("Harding") came over to plaintiff to see what was wrong.

Plaintiff alleged that immediately after the incident occurred, she reported her injury to her team leader, Rick Dunaway ("Dunaway"). Dunaway then reported the incident to plaintiff's supervisor, Barry Christy ("Christy"). Christy gave plaintiff a back support brace so that plaintiff could return to work, and Dunaway assisted plaintiff with putting the back support brace on. Plaintiff stated that with the help of the back support brace, she worked the remainder of the day on 11 October 2001, and the next day, Friday, 12 October 2001.

Plaintiff's back pain continued to increase over the weekend, so on Sunday, 14 October 2001, plaintiff saw a doctor about her back pain. Plaintiff informed the doctor that she had been experiencing lower back pain for approximately six months and described the lifting incident that had just occurred at work. Plaintiff was unable to return to work on Monday due to her pain.

Plaintiff reported for work on Tuesday, 16 October 2001, but she was so visibly impaired by pain that Christy told her to go home and referred her to Pam Cordts ("Cordts") in Human Resources. Plaintiff discussed her back pain with Cordts, and Cordts told plaintiff that for her own safety, she would not be allowed to return to work without a note from the doctor. Cordts told plaintiff she should return to the doctor she had seen on Sunday, "or another physician of her choice," and helped plaintiff get an appointment by making phone calls on her behalf.

On 5 February 2002, 87 days after the incident, plaintiff filed a Form 18 claiming benefits for her back injury allegedly caused by the specific traumatic incident that occurred on 11 October 2001 while plaintiff was working for defendant-employer. Defendant-employer and its insurance carrier, PMA Insurance Group (collectively, "defendants"), denied plaintiff's claim on the basis that medical evidence did

not support an injury by accident within plaintiff's scope of employment and because of plaintiff's "non-cooperation with the workers compensation investigation." Plaintiff then requested that her claim be assigned for hearing.

A hearing was held on 16 September 2003 before Deputy Commissioner Morgan S. Chapman ("Deputy Commissioner Chapman"), and on 28 April 2004, Deputy Commissioner Chapman entered an opinion and award denying plaintiff's claim for benefits. Deputy Commissioner Chapman concluded that "[o]n an unknown date during the week of October 11, 2001 plaintiff sustained an injury by accident arising out of and in the course of her employment with [defendant-employer]." Deputy Commissioner Chapman also concluded, "[h]owever, plaintiff's claim is barred due to her failure to give [defendant-employer] written notice of the injury within thirty days," as required by N.C. Gen. Stat. § 97-22 (2009). Both plaintiff and defendants appealed to the Full North Carolina Industrial Commission ("the Commission").

The Commission reviewed plaintiff's case and filed an opinion and award on 18 January 2005, reversing Deputy Commissioner Chapman's opinion and award. The Commission first concluded that plaintiff "sustained a back injury as the result of a specific traumatic incident of the work assigned" on "an unknown date during the week of October 11, 2001." In addition, the Commission concluded, "The aggravation or exacerbation of plaintiff's pre-existing back condition as a result of a specific traumatic incident, which has resulted in loss of wage[-]earning capacity, is compensable under the Workers' Compensation Act." The Commission then concluded that defendants "had actual notice of plaintiff's work-related injury," and "[b]ecause defendants had actual knowledge of plaintiff's work-related injury, plaintiff's failure to give written notice of her claim did not bar her claim for compensation." The Commission further concluded that plaintiff had a reasonable excuse for failing to give defendant-employer timely written notice of her accident in accordance with N.C. Gen. Stat. § 97-22. However, the Commission did not make any specific conclusion of law that defendants were or were not prejudiced by plaintiff's failure to give timely written notice.

Subsequently, the case was remanded by the Commission for assignment to a deputy commissioner "for the taking of additional evidence or further hearing, if necessary" and the entry of an opinion and award with additional findings of fact as to the extent of plain-

tiff's disability, the amount of indemnity owed, and the extent of medical benefits owed to plaintiff. These three issues were heard by Deputy Commissioner John DeLuca ("Deputy Commissioner DeLuca"), whose findings were substantially adopted by the Commission in an opinion and award of benefits to plaintiff filed on 11 May 2007. The Commission also "incorporated by reference" its previous opinion and award filed 18 January 2005. Furthermore, the Commission's 11 May 2007 opinion and award expressly "reserved for future determination" the issue of "the extent of plaintiff's disability, if any, after May 31, 2005," stating, "The parties may hereafter enter into an Agreement, stipulate to the extent of continuing disability, or either party may present additional evidence to this panel of the Full Commission on this issue." Defendants appealed the Commission's 11 May 2007 opinion and award to this Court.

On 19 August 2008, this Court addressed the merits of defendants' appeal, and a divided panel of this Court affirmed, holding, *inter alia*, that the Commission's conclusion that defendant-employer had actual knowledge of plaintiff's injury was supported by findings of fact, which in turn were supported by competent evidence in the record. *Gregory v. W.A. Brown & Sons*, 192 N.C. App. 94, 106, 664 S.E.2d 589, 596 (2008), *rev'd in part, remanded in part*, 363 N.C. 750, 688 S.E.2d 431 (2010). The majority held that as a result of defendant-employer's actual knowledge of plaintiff's injury on the date of occurrence, defendant-employer was not prejudiced by plaintiff's failure to provide written notice of her injury within 30 days. *Id.* However, the dissenting judge disagreed with the majority's decision to "infer a lack of prejudice when the Commission has not addressed that issue specifically." *Id.* at 111, 664 S.E.2d at 599 (Jackson, J., dissenting in part). Rather, the dissenting judge would have "remand[ed] to the Commission for findings of fact and conclusions of law addressing the issue of prejudice as required by section 97-22." *Id.* at 114, 664 S.E.2d at 601.

Defendants appealed to our Supreme Court based on the split decision, and our Supreme Court then considered the issue of whether the employer's actual knowledge of the work-related accident and injury relieved the Commission from the obligation to make findings of fact and conclusions of law on whether the employer was prejudiced by the employee's failure to provide written notice of the accident within 30 days. *Gregory v. W.A. Brown & Sons*, 363 N.C. 750, 688 S.E.2d 431 (2010). On 29 January 2010, our Supreme Court reversed the decision of this Court, holding that, when an employee

fails to give written notice of the accident to the employer within 30 days as required by N.C. Gen. Stat. § 97-22, regardless of whether the employer had actual notice of the accident, the Commission cannot award compensation to the employee unless the Commission concludes as a matter of law, and supports the conclusions with appropriate findings of fact, that: (1) the lack of timely written notice is reasonably excused, and (2) the employer has not been prejudiced thereby. *Gregory*, 363 N.C. at 764, 688 S.E.2d at 440. The Court emphasized that these two factors must be found by the Commission regardless of whether the Commission finds the employer had actual notice of the accident. *Id.* The Court also reiterated this Court's prior holding that there are two purposes for the statutory notice requirement: (1) it allows the employer to provide immediate medical diagnosis and treatment in order to minimize the seriousness of the injury, and (2) it facilitates the earliest possible investigation of the facts surrounding the injury. *Id.* at 762, 688 S.E.2d at 439. The Court remanded the case to this Court for remand to the Commission in order for the Commission to make findings and conclusions addressing whether defendants were prejudiced by plaintiff's failure to give timely written notice as required by the statute. *Id.* at 764, 688 S.E.2d at 441.

On remand, the Commission entered an opinion and award on 8 September 2010, specifically finding that defendants were not prejudiced by plaintiff's failure to give timely written notice. In its opinion and award, the Commission expressly incorporated its 18 January 2005 opinion and award and added Finding of Fact No. 31, which stated:

> The Full Commission is satisfied, based upon the greater weight of the evidence, that defendants were not prejudiced by plaintiff's failure to give written notice of her work-related injury within 30 days for the following reasons: 1) defendant-employer had actual notice of plaintiff's work-related injury on the date of occurrence shortly after it occurred; 2) defendant-employer had an opportunity to promptly investigate the circumstances surrounding plaintiff's injury immediately after receipt of actual notice of her injury, but did not; 3) defendant-employer was aware of the observable pain behaviors and physical impairments plaintiff exhibited at work a few days after having been given actual notice of her injury; 4) defendant-employer had an opportunity to provide plaintiff with assistance in obtaining prompt medical treatment and did in fact provide some assistance to plaintiff in obtaining prompt medical treatment; 5) there is no evidence that plaintiff's injury was wors-

ened by any delay in medical treatment; and, 6) defendants did not assert as a defense on their Form 61 denial of compensability that they were prejudiced by plaintiff's delay in providing written notice of her claim.

In addition, the Commission found that plaintiff had given "a detailed written notice of her work-related injury in less than four months by the filing of a Form 18 notice of accident with defendants for workers' compensation benefits." For those reasons, the Commission concluded that defendants had failed to meet their burden of showing prejudice from plaintiff's failure to provide written notice of her injury and accident within 30 days of the occurrence.

In addition, the final award again reserves for future determination the issue of "the extent of plaintiff's disability, if any, after May 31, 2005," stating:

> In that the record contains insufficient evidence concerning the extent of plaintiff's disability, if any, after May 31, 2005, this issue is RESERVED for future determination. The parties may hereafter enter into an Agreement, stipulate to the extent of continuing disability, or either party may present additional evidence to this panel of the Full Commission on this issue.

Defendants appeal solely on the basis that the Commission erred in its conclusion of law, and also its findings of fact, that defendants failed to show prejudice from plaintiff's lack of timely written notice as required by the statute.

## II. Interlocutory nature of appeal

[1] As an initial matter, we must first address the interlocutory nature of defendant-employer's appeal. An order or judgment is interlocutory " 'if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy.' " *Norris v. Sattler*, 139 N.C. App. 409, 411, 533 S.E.2d 483, 484 (2000) (quoting *Howerton v. Grace Hospital, Inc.*, 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996)). "Generally, there is no right of immediate appeal from an interlocutory order." *Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998). There are two circumstances, however, in which a party may appeal an interlocutory order:

> An interlocutory order is subject to immediate appeal only if (1) the order is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to Rule

**GREGORY v. W.A. BROWN & SONS**

[212 N.C. App. 287 (2011)]

54(b) of the Rules of Civil Procedure, or (2) the trial court's decision deprives the appellant of a substantial right that will be lost absent immediate review.

*Gregory v. Penland*, 179 N.C. App. 505, 509, 634 S.E.2d 625, 628 (2006).

An appeal from an opinion and award of the Industrial Commission is subject to the "same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions." N.C. Gen. Stat. § 97-86 (2009). "Therefore, '[a] decision of the Industrial Commission is interlocutory if it determines one but not all of the issues in a workers' compensation case. A decision that on its face contemplates further proceedings or . . . does not fully dispose of the pending stage of the litigation is interlocutory.' " *Cash v. Lincare Holdings*, 181 N.C. App. 259, 263, 639 S.E.2d 9, 13 (2007) (alterations in original) (quoting *Perry v. N.C. Dep't of Corr.*, 176 N.C. App. 123, 129, 625 S.E.2d 790, 794 (2006)). Consequently, "[a]n opinion and award that settles preliminary questions of compensability but leaves unresolved the amount of compensation to which the plaintiff is entitled and expressly reserves final disposition of the matter pending receipt of further evidence is interlocutory." *Riggins v. Elkay Southern Corp.*, 132 N.C. App. 232, 233, 510 S.E.2d 674, 675 (1999).

In the present case, the Commission's opinion and award on its face reserves the issue of the extent of plaintiff's disability, if any, after 31 May 2005 for future determination:

In that the record contains insufficient evidence concerning the extent of plaintiff's disability, if any, after May 31, 2005, this issue is RESERVED for future determination. The parties may hereafter enter into an Agreement, stipulate to the extent of continuing disability, or either party may present additional evidence to this panel of the Full Commission on this issue.

This Court has held that such language in a Commission's opinion and award renders the opinion and award interlocutory. *See, e.g., Thomas v. Contract Core Drilling & Sawing*, —— N.C. App. ——, ——, 703 S.E.2d 862, 864 (2011) (dismissing appeal as interlocutory where Commission's opinion and award "reserved the issue of whether [plaintiff] was disabled after 13 November 2008 for a future hearing"). Specifically, in *Allison v. Wal-Mart Stores*, No. COA10-1023 (N.C. Ct. App. 17 May 2011), this Court dismissed the defendants' appeal as interlocutory based on language in the Commission's opinion and

award that is precisely the same as the language at issue in the present case. In *Allison*, the Commission's opinion and award stated on its face: "In that the record contains insufficient evidence concerning the extent of [plaintiff's] continuing disability, if any, after July 27, 2009, this issue is RESERVED for future determination or agreement of the parties." *Id.*, slip op. at 3-4. In addition, as this Court found in *Allison*, there is nothing in the record in the present case "to indicate that this issue has since been addressed by the Commission or resolved by agreement of the parties." *Id.*, slip op. at 5. Accordingly, the Commission's opinion and award in the present case is interlocutory, and likewise should be dismissed. "It is our duty to dismiss an appeal *sua sponte* when no right of appeal exists." *Riggins*, 132 N.C. App. at 233, 510 S.E.2d at 675 (citing *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980)).

However, in the present case, such language was ignored when the Commission's 11 May 2007 opinion and award was first appealed to this Court and subsequently heard by our Supreme Court. For this reason alone, we reach the merits of this appeal. However, we note ' "[t]he reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.' " *White v. Carver*, 175 N.C. App. 136, 139, 622 S.E.2d 718, 720 (2005) (quoting *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218 (1985)). The circumstances of this case exemplify why the rule on interlocutory appeals should be strictly followed, as this case has already been heard on appeal once before, is now being heard on appeal a second time, and because an issue has been reserved for future determination by the Commission, may be heard on appeal for a third time.

### III. Standard of Review

This Court reviews an opinion and award by the Commission to determine: (1) whether there is any competent evidence in the record to support the Commission's findings of fact, and (2) whether the Commission's conclusions of law are justified by the findings of fact. *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). "Where there is competent evidence to support the Commission's findings, they are binding on appeal even in light of evidence to support contrary findings." *Starr v. Gaston Cty. Bd. of Educ.*, 191 N.C. App. 301, 304–05, 663 S.E.2d 322, 325 (2008). "Our review goes no further than to determine whether the record contains any evidence tending to support the finding." *Chavis v. TLC Home Health Care*, 172 N.C.

App. 366, 369, 616 S.E.2d 403, 408 (2005) (internal quotation marks and citation omitted). "It is not the job of this Court to re-weigh the evidence." *Id.* at 370, 616 S.E.2d at 408. In determining whether competent evidence supports the Commission's findings of fact, the evidence must be viewed in the light most favorable to the plaintiff, giving the plaintiff "the benefit of every reasonable inference to be drawn from the evidence." *Nale v. Ethan Allen*, 199 N.C. App. 511, 514, 682 S.E.2d 231, 234, *disc. review denied*, 363 N.C. 745, 688 S.E.2d 454 (2009). We review the Commission's conclusions of law *de novo*. *Griggs v. Eastern Omni Constructors*, 158 N.C. App. 480, 483, 581 S.E.2d 138, 141 (2003).

## IV. Prejudice for failure to provide timely written notice

[2] Defendants' single contention is that the Commission erred in concluding that defendants were not prejudiced by plaintiff's failure to give written notice of her work injury within 30 days after the incident as required by N.C. Gen. Stat. § 97-22. Defendants argue the Commission's conclusion is not supported by findings of fact that are supported by competent evidence.

Section 97-22 of the Workers' Compensation Act provides:

> Every injured employee . . . shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident . . . ; but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident . . . , unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

N.C. Gen. Stat. § 97-22. A defendant-employer bears the burden of showing that it was prejudiced. *Lakey v. U.S. Airways, Inc.*, 155 N.C. App. 169, 172-73, 573 S.E.2d 703, 706 (2002); *see also Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 604, 532 S.E.2d 207, 214 (2000); *Chavis*, 172 N.C. App. at 378, 616 S.E.2d at 413. If the defendant-employer is able to show prejudice by the delayed written notice, the employee's claim is barred, even though the employee had a reasonable excuse for not providing written notice within 30 days, as required by statute. *Jones v. Lowe's Companies*, 103 N.C. App. 73, 76, 404 S.E.2d 165, 167 (1991). Our Courts have noted the purpose of providing the employer with written notice within 30 days of the injury in accordance with the statute is twofold: "First, to enable the employer to

provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury." *Id.* at 76-77, 404 S.E.2d at 167 (internal quotation marks and citation omitted); *see also Lakey*, 155 N.C. App. at 173, 573 S.E.2d at 706 ("Possible prejudice occurs where the employer is not able to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury and where the employer is unable to sufficiently investigate the incident causing the injury."). Thus, in determining whether prejudice occurred, the Commission must consider the evidence in light of this dual purpose. *Westbrooks v. Bowes*, 130 N.C. App. 517, 528, 503 S.E.2d 409, 417 (1998). In addition, our Courts have found that where the employer is on actual notice of the employee's injury soon after it occurs, and soon enough for a thorough investigation, defendant-employer is not prejudiced by plaintiff's failure to provide timely written notice. *See Sanderson v. Northeast Construction Co.*, 77 N.C. App. 117, 123, 334 S.E.2d 392, 395 (1985).

Defendants in the present case challenge the following conclusion of law made by the Commission in its 8 September 2010 opinion and award:

> For the reasons set forth in Finding of Fact number 31 above, the Full Commission concludes that plaintiff's failure to give written notice to defendant-employer of her October 2001 injury as a result of an accident at work within 30 days did not prejudice defendants, as defendants failed to meet their burden of proof on this issue.

In Finding of Fact No. 31, the Commission concluded as follows:

> The Full Commission is satisfied, based upon the greater weight of the evidence, that defendants were not prejudiced by plaintiff's failure to give written notice of her work-related injury within 30 days for the following reasons: 1) defendant-employer had actual notice of plaintiff's work-related injury on the date of occurrence shortly after it occurred; 2) defendant-employer had an opportunity to promptly investigate the circumstances surrounding plaintiff's injury immediately after receipt of actual notice of her injury, but did not; 3) defendant-employer was aware of the observable pain behaviors and physical impairments plaintiff exhibited at work a few days after having been given actual notice of her injury; 4) defendant-employer had an opportunity to

provide plaintiff with assistance in obtaining prompt medical treatment and did in fact provide some assistance to plaintiff in obtaining prompt medical treatment; 5) there is no evidence that plaintiff's injury was worsened by any delay in medical treatment; and, 6) defendants did not assert as a defense on their Form 61 denial of compensability that they were prejudiced by plaintiff's delay in providing written notice of her claim.

This conclusion is supported by multiple findings of fact in the Commission's 18 January 2005 opinion and award. In Finding of Fact No. 4, the Commission found that plaintiff did suffer an injury at work during the week of 11 October 2001 when she lifted a container of pods. Upon lifting the container, plaintiff "experienced a sharp pain in her low[er] back, and immediately dropped the tote." In Finding of Fact No. 5, the Commission found that "[p]laintiff's work partner, Tony Harding, observed the event and said he could tell from plaintiff's expression that she was in pain. Plaintiff told him that her back was hurting." The Commission found that after the incident at work, "[p]laintiff immediately left her workstation to inform Rick Dunaway, the team leader, about her injury. Plaintiff's statement that she reported the injury to Dunaway, as corroborated by Harding, is credible."

Each of these findings of fact is supported by competent evidence in the record. At the hearing before Deputy Commissioner Chapman on 16 September 2003, plaintiff testified that as she started to lift the container of pods, she heard a "pop" in her back and "dropped the bucket." Plaintiff testified that Harding then came over to her and asked her "what was wrong." Plaintiff then testified that Harding called over Dunaway and that plaintiff told Dunaway her "back had [gone] out" and that she couldn't "straighten up." Harding corroborated plaintiff's testimony by stating that he was working with plaintiff on 11 October 2001 and "noticed that her facial expression dramatically changed as if she had just felt pain" as "[she] picked up a crate of metal pods." Harding also testified that after the incident, "[plaintiff] then went and advised our team leader, Rick Dunaway."

In Finding of Fact No. 6, the Commission found that plaintiff's team leader, Dunaway, "reported the incident to plaintiff's supervisor, Barry Christy, who subsequently gave plaintiff a back support belt." This finding of fact is supported by plaintiff's testimony that after she informed Dunaway of the incident, Dunaway went to find plaintiff's supervisor, Christy, who took her to his office and gave her a back brace. Plaintiff testified that Dunaway assisted her with putting on the back brace so that she could return to her work. ·

In addition, in Finding of Fact No. 8, the Commission found that plaintiff "reported for work on Tuesday but was so visibly impaired by pain that Christy referred her to Pam Cordts in human resources, which is corroborated by Christy's testimony." The Commission also found, in Finding of Fact No. 11, that "Ms. Cordts advised plaintiff to see a doctor, and told her that for her own safety she would not be allowed to return to work without a note from the doctor."

These findings of fact are likewise supported by competent evidence in the record. At the 16 September 2003 hearing, plaintiff testified that she reported for work on Tuesday, 16 October 2001, following the incident and that Christy took her into his office around noon and told her she should leave for the day because of "the way [plaintiff] was walking." Plaintiff further testified that she was then "carried . . . to Pam Cordts['] office" in Human Resources, who also told plaintiff that she needed to leave work "because of the way [she] was walking." Cordts likewise testified that Christy came over to her office that Tuesday expressing concern for plaintiff's safety because "[plaintiff] was having difficulty standing," and "she was leaning against or laying [sic] over the table on which she was working." Further, Cordts testified that she told plaintiff that plaintiff should return to the physician plaintiff had just seen, "or another physician of her choice," to try to obtain relief for her back pain. Cordts testified that she helped plaintiff to get physician appointments for plaintiff's back pain by making several phone calls for plaintiff.

The Commission both incorporated and relied on these findings of facts in its 8 September 2010 opinion and award, stating:

> The findings of fact and conclusions of law from the January 18, 2005 and May 11, 2007 Opinions and Awards of the Full Commission remain unchanged, except that finding of fact number 31 and conclusions of law numbers nine and 10 are added to the May 11, 2007 Full Commission Opinion and Award.

In its 11 May 2007 opinion and award, the Commission likewise expressly incorporated its 18 January 2005 opinion and award, including all findings of fact and conclusions of law.

We hold that these findings of fact, which are supported by competent evidence in the record, support the Commission's conclusion of law that defendant-employer has failed to demonstrate any prejudice from the lack of timely written notice for the reasons stated by the Commission in its Finding of Fact No. 31. The findings of fact indicate that plaintiff's team leader and supervisor had actual knowl-

GREGORY v. W.A. BROWN & SONS

[212 N.C. App. 287 (2011)]

edge of her injury immediately after it happened; in fact, plaintiff's supervisor provided her with a back support belt in attempt to mitigate the pain plaintiff was experiencing. The following week, plaintiff's supervisor again noticed plaintiff's back pain on the job and informed the human resources officer that he was concerned for plaintiff's safety. In addition, the human resources officer not only instructed plaintiff to leave work and see her physician for her pain, but also helped plaintiff obtain a doctor's appointment. As the Commission concluded in its Finding of Fact No. 31, these findings indicate that defendant-employer had actual notice of plaintiff's injury on the date of occurrence, and therefore had opportunity both to promptly investigate the facts surrounding plaintiff's injury and visible pain, and to direct plaintiff's medical treatment.

Furthermore, defendants have provided no evidence that plaintiff's injuries were made worse by any delay in treatment; in fact, as the Commission reiterates in its Finding of Fact No. 31, the findings of fact reveal that plaintiff sought a wide array of treatment and sought prompt medical attention for her back soon after the injury occurred, as directed by defendant-employer's human resources officer. Furthermore, the record reflects that defendant-employer did not raise the issue of prejudice by lack of timely notice in its Form 61 response to plaintiff's workers' compensation claim, as the Commission also found in Finding of Fact No. 31. Accordingly, we hold the evidence supports the Commission's findings that defendant-employer had actual notice of plaintiff's injury soon after it occurred and that such actual notice under the circumstances of the present case satisfied the twin aims of providing the employer with a 30-day written notice. *See Chavis*, 172 N.C. App. at 378, 616 S.E.2d at 413; *Lakey*, 155 N.C. App. at 173, 573 S.E.2d at 706; *Sanderson*, 77 N.C. App. at 123, 334 S.E.2d at 395. We therefore affirm the opinion and award of the Commission.

## V. Conclusion

We hold there is competent evidence in the record to support the Commission's findings of fact, which in turn support the Commission's conclusion of law that defendant-employer was not prejudiced by plaintiff's failure to give timely notice pursuant to N.C. Gen. Stat. § 97-22. The Commission's 8 September 2010 opinion and award is therefore affirmed.

Affirmed.

Judges HUNTER (Robert C.) and BRYANT concur.