IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-461

Filed: 7 January 2020

From the North Carolina Industrial Commission, I.C. No. 14-053926

STACY GRIFFIN, Employee-Plaintiff,

v.

ABSOLUTE FIRE CONTROL, INC., Employer, EVEREST NATIONAL INS. CO. & GALLAGHER BASSETT SERVS., Carrier, Defendants.

Appeal by Plaintiff from an opinion and award entered 25 January 2019 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 October 2019.

> *Sellers, Ayers, Dortch & Lyons, PA, by Christian R. Ayers, and John F. Ayers, III, for Plaintiff.*

> *Brotherton, Ford, Berry & Weaver, PLLC, by Demetrius Worley Berry, and Daniel J. Burke, for Defendant.*

BROOK, Judge.

Stacy Griffin ("Plaintiff") appeals from the opinion and award of the North Carolina Industrial Commission (the "Commission") denying his request for disability compensation from Absolute Fire Control and its insurance carriers, Everest National Insurance Company and Gallagher Bassett Services (collectively "Defendants"). On appeal, Plaintiff argues the Commission erred in concluding he

was not disabled and that his post-injury job was suitable employment. We affirm in part. We reverse in part and remand for additional findings.

## I. Factual and Procedural Background

Plaintiff worked for Defendant from 4 June 2007 to 23 October 2014 as a pipe fitter in Charlotte, North Carolina. Plaintiff's job responsibilities included installing and hanging sprinkler pipes and operating power machines and grease fittings. Plaintiff worked ten hours a day, five days a week, and earned between $18 and $20 dollars per hour. Plaintiff testified that pipefitters are expected to be able to lift the pipes they are working with and that pipes could weigh anywhere from 25 to 300 pounds.

On 23 October 2014, while Plaintiff was operating a scissor lift at work, the machine malfunctioned and threw Plaintiff into the rails of the lift, which caused injuries to his upper left back and ribs. Plaintiff returned to work one month after his injuries but was restricted from lifting anything over 20 pounds, standing or walking over 30 minutes, and driving while taking hydrocodone. Plaintiff's pre-injury job duties were outside of his assigned restrictions, so Defendant offered Plaintiff work in the fabrication shop, which Plaintiff accepted. In the fabrication shop, Plaintiff cut rods, drove a truck, made deliveries, and boxed up materials needed at job sites. Plaintiff testified at the hearing before the Full Commission that he primarily was "helping" another employee in the shop who had been assigned to the

shop around the same time as Plaintiff. That employee, according to Jeffrey Younts, Vice President of Absolute Fire Control, replaced someone who had previously been in that position and was lifting more than 20 pounds. Plaintiff maintained his pre-injury work schedule and wage earnings.

After two years of therapy, treatment, and joint injections, Plaintiff's treating physician assigned Plaintiff permanent work restrictions of no lifting more than 20 pounds, to alternate sitting and standing, no bending, and to wear a brace while working.

In August 2016, Plaintiff underwent non-work-related heart surgery. When he returned to work in November 2016, Plaintiff asked his supervisor if he could return to work in the field. Plaintiff believed the additional walking in the field would help his back condition. Defendant allowed Plaintiff to return to the field as a helper, where his job duties included wrapping Teflon tape on sprinkler heads, putting pipe hangers together, and driving a forklift to load sprinkler pipe for the installation crews.

On 28 November 2016, Plaintiff filed a Form 33 "Request for Hearing" seeking a determination as to whether the fabrication shop and field helper positions were suitable jobs. A hearing was held before Deputy Commissioner Jesse M. Tillman, III, on 20 June 2017. Deputy Commissioner Tillman issued an opinion and award finding Plaintiff had failed to meet his burden of proving he was disabled and thus did not

reach the question of whether the positions were suitable employment. Deputy Commissioner Tillman denied Plaintiff's request for temporary total and temporary partial disability payments.

Plaintiff appealed to the Full Commission (the "Commission"). After hearing the appeal on 7 May 2018, the Commission issued its opinion and award on 25 January 2019 affirming the Deputy Commissioner and additionally finding the fabrication shop position was suitable employment. The Commission found in part:

> 28.     [Vice President of Absolute Fire Control] Mr. Younts testified the fabrication shop positions are permanent positions with Defendant-Employer. Mr. Younts testified the work within the fabrication shop is an essential part of what Defendant-Employer does through packaging material, putting the parts together so the pipe fitters and foreman can do the work at the job sites and Defendant-Employer continues to have a need to hire and employ workers in the fabrication shop.
>
> . . .
>
> 32.     Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that the fabrication shop is suitable employment. The fabrication shop position is a permanent position with Defendant-Employer for which Defendant-Employer has a regular and constant need to keep staffed. The fabrication shop position was not specifically tailored or created for Plaintiff. Further, the job duty requirements for the fabrication shop position are within Plaintiff's permanent restrictions and Plaintiff was physically able to perform these job duties for almost two years from November 24, 2014 until his non-work-related heart surgery in August 2016. The fabrication shop position entailed the same wages and hours as Plaintiff's pre-injury position.

33. Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Defendant-Employer's unique hiring practices of hiring based upon word of mouth and personal recommendations does not render the fabrication shop position not suitable. Albeit confined to Defendant-Employer's unique "advertisement," the positions available with Defendant-Employer, including the fabrication shop position, are available to individuals in the marketplace.

34. With regard to Plaintiff's contention that the field helper job is not suitable employment, the Full Commission finds that Defendant-Employer never offered Plaintiff the field helper job as suitable employment. To the contrary, Plaintiff specifically requested to return to work in the field following his non-work-related heart surgery and Defendant-Employer accommodated Plaintiff's request. Further, at the time Plaintiff chose to return to work in the field, Defendant-Employer had suitable employment available for Plaintiff in the fabrication shop.

. . .

37. Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff has failed to show that he is disabled. To the contrary, a preponderance of the evidence shows that Plaintiff is able to earn his pre-injury wages with Defendant-Employer in a suitable position that is within his permanent work restrictions. Furthermore, none of Plaintiff's treating physicians have removed him from work in any employment. He has not made a reasonable, but unsuccessful search for work nor has he shown that it would be futile due to preexisting factors to search for work. Plaintiff has not proven that he is disabled in employment outside of his employment with Defendant-Employer.

The Commission then concluded:

> 4.    In controversy is whether the fabrication shop position that Plaintiff worked in from November 24, 2014 until August 2016 and field worker position that Plaintiff worked in following his return to work in 2016 are suitable jobs and indicative of his wage earning capacity. Plaintiff contends that although he remains employed by Defendant-Employer, the work he is performing for Defendant-Employer is "make-work" and if his employment with Defendant-Employer were to end, then he would be unable to earn his pre-injury wages in the competitive marketplace. . . . In the present case, a preponderance of the evidence shows that the fabrication shop position with Defendant-Employer is suitable employment as it is a permanent position with Defendant-Employer and it is essential to Defendant-Employer's business and is a position that Defendant-Employer has a regular and constant need to keep staffed. The fabrication shop position was not tailored or created specifically to fit Plaintiff's restrictions. The fabrication shop position is within Plaintiff's permanent restrictions and physical capacity to perform as evidenced by Plaintiff successfully performing the job duties of the fabrication shop position for almost two years and Plaintiff is working the same hours and earning the same wages he did in his pre-injury position. Further, the mere fact that Defendant-Employer confines the advertisement of its positions to the unique practice of word of mouth and/or personal recommendations does not render the positions with Defendant employer not suitable. . . . With regard to the field worker position, Defendant-Employer did not offer Plaintiff this position as suitable employment, instead Plaintiff requested to return to work in this position and Defendant-Employer accommodated Plaintiff's request. Thus, the suitability of this position is moot.
>
> 5.    Furthermore, Plaintiff has not otherwise proven that he is disabled as no medical evidence was produced by Plaintiff that he is physically or mentally, as a result of the

6

work-related injury, incapable of work in any employment. No reasonable effort was made to obtain employment elsewhere. No evidence was presented that Plaintiff is capable of some work, but that seeking work would be futile because of preexisting conditions, such as wage, inexperience, or lack of education, to seek employment or that he is earning less than his pre-injury wages. Hilliard, 305 N.C. at 595, 290 S.E.2d at 683; Russell, 108 N.C. App. 762, 425 S.E.2d 454.

Plaintiff timely appealed.

## II. Standard of Review

Our review of an opinion and award of the Commission is "limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." *Philbeck v. Univ. of Mich.*, 235 N.C. App. 124, 127, 761 S.E.2d 668, 671 (2014) (citation and marks omitted). The findings of fact made by the Commission are conclusive on appeal if supported by competent evidence "even if there is evidence to support a contrary finding." *Nale v. Ethan Allen*, 199 N.C. App. 511, 514, 682 S.E.2d 231, 234 (2009). The Commission's conclusions of law are reviewed *de novo*. *Gregory v. W.A. Brown & Sons*, 212 N.C. App. 287, 295, 713 S.E.2d 68, 74 (2011).

## III. Analysis

The Plaintiff challenges three of the Commission's conclusions that served to bar him from disability benefits. First, the Commission concluded that Plaintiff had not engaged in a reasonable but unsuccessful effort to obtain post-injury employment.

Second, the Commission concluded "[n]o evidence was presented that Plaintiff is capable of some work, but that seeking work would be futile because of preexisting conditions, such as wage, inexperience, or lack of education, to seek employment or that he is earning less than his pre-injury wages." And, finally, Plaintiff takes issue with the Commission's conclusion that Defendant provided and, for a time, Plaintiff performed suitable employment.

We hold that the reasonable effort analysis reflects a well-reasoned application of the law to these facts but conclude that the Commission's futility and suitable employment assessments are built on a misapplication of the governing case law.

### A. Disability and Suitable Employment Jurisprudence

Disability means incapacity, because of injury, to earn the wages the employee was receiving at the time of injury in the same or any other employment. N.C. Gen. Stat. § 97-2(9) (2017). The burden is on the employee to prove diminished earning capacity as the result of the work-related injury. *See Harvey v. Raleigh Police Dep't*, 96 N.C. App. 28, 35, 384 S.E.2d 549, 553 (1989).

A determination of disability is a conclusion of law that must be supported by specific findings which show: (1) plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment; (2) plaintiff was incapable after his injury of earning the same wages he had earned before his injury at any other employment; and (3) the incapacity to earn was caused by

8

plaintiff's injury.[1]  *See Hilliard v. Apex Cabinet Co.*, 305 N.C. at 593, 290 S.E.2d at 682.  The burden is on the employee to establish all three findings.  S*ee Medlin v. Weaver Cooke Const., LLC*, 367 N.C. 414, 420, 760 S.E.2d 732, 736 (2014).  The employee may offer proof of the first two findings through several methods, including:

> (1) By producing medical evidence that the employee is physically or mentally, as a consequence of the work-related injury, incapable of work in any employment; or
>
> (2) By producing evidence that the employee is capable of some work, but after reasonable effort on the part of the employee has been unsuccessful in efforts to obtain employment; or
>
> (3) By producing evidence that the employee is capable of some work but that it would be futile because of pre-existing conditions, i.e. age, inexperience, lack of education, to seek other employment; or
>
> (4) By producing evidence that the employee has obtained other employment at a wage less than that earned prior to the injury.

*Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765-66, 425 S.E.2d 454, 457 (1993).

Once the employee presents substantial evidence that he is incapable of earning the same wages in the same or any other employment, the burden shifts to

---

[1] There is no dispute in this case that Plaintiff is incapable of working in his pre-injury job after his accident (*Hilliard* factor 1).  Similarly, the parties agree and the Commission found Plaintiff's incapacity to earn was caused by his injury (*Hilliard* factor 3).  Our analysis, and the parties' arguments, are concerned only with whether Plaintiff is capable of earning his pre-injury wages at any other employment (*Hilliard* factor 2).

the employer to show the employee is capable of suitable employment. *See Smith v. Sealed Air Corp.*, 127 N.C. App. 359, 361, 489 S.E.2d 445, 446-47 (1997). Suitable employment is "any job that a claimant is capable of performing considering his age, education, physical limitations, vocational skills and experience." *Shah v. Howard Johnson*, 140 N.C. App. 58, 68, 535 S.E.2d 577, 583 (2000) (internal marks and citation omitted).

However, "[t]he fact that an employee is capable of performing employment tendered by the employer [post-injury] is not, as a matter of law, an indication of plaintiff's ability to earn wages." *Saums v. Raleigh Community Hospital*, 346 N.C. 760, 763, 487 S.E.2d 746, 749 (1997). For example, make-work positions are those which have been "so modified because of the employee's limitations" that they do not "accurately reflect the [employee]'s ability to compete with others for wages." *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 438, 342 S.E.2d 798, 806 (1986). Central to determining whether employment constitutes make work is whether or not the post-injury job is "ordinarily available on the competitive marketplace." *Id.* at 437-38, 342 S.E.2d at 805-06 (reasoning earning capacity "must be measured . . . by the employee's own ability to compete in the labor market, . . . [because] [w]ages paid by an injured employee out of sympathy, or in consideration of his long service with the employer, clearly do not reflect his actual earning capacity[]"); *Id.* ("The ultimate objective of the disability test is . . . to determine *the wage that would have been paid*

*in the open market under normal employment conditions to [the employee] as injured.*") (emphasis in original). Indeed, "[i]f the proffered job is generally available in the market, the wages earned in it may well be strong, if not conclusive, evidence of the employee's earning capacity." *Id.* at 440, 342 S.E.2d at 807.

B. Plaintiff's Challenges to Full Commission Opinion

We now turn to whether the Full Commission correctly applied the law when it concluded that Plaintiff was barred from disability benefits based on its findings, addressing each of Plaintiff's three challenges on point in turn.

i. Reasonable Effort

Plaintiff claims he demonstrated a reasonable but unsuccessful effort to obtain employment under the second *Russell* factor. He argues the Commission erred as a matter of law in concluding otherwise, and its findings as to these issues were not supported by competent evidence.

Though there is no general rule for determining the reasonableness of an employee's job search, *see Gonzalez v. Tidy Maids, Inc.*, 239 N.C. App. 469, 478, 768 S.E.2d 886, 894 (2015), the Commission is "free to decide" whether an employee made a reasonable effort to obtain employment, *see Perkins v. U.S. Airways*, 177 N.C. App. 205, 214, 628 S.E.2d 402, 408 (2006). On appeal, this Court defers to the Commission in its determination of whether or not a claimant engaged in a reasonable job search, so long as: (1) the Commission's conclusion is based upon findings that are not

conclusory and sufficiently explains its determination; and (2) such findings are supported by competent evidence. *Patillo v. Goodyear Tire & Rubber Co.*, 251 N.C. App. 228, 239-41, 794 S.E.2d 906, 914 (2016). Consistent with this deferential approach, this Court has previously affirmed the Commission's conclusion that an employee established a reasonable but unsuccessful effort to find employment when he remained employed by his current employer. *Snyder v. Goodyear*, 252 N.C. App. 265, 796 S.E.2d 539, 2017 WL 900050 (2007) (unpublished).[2]

Here, the Commission's findings were supported by competent evidence and not conclusory. The Commission found:

> 36.    Although he submitted a job list, Plaintiff testified he has not looked for work outside of Defendant-Employer's business nor has he filed any applications with any employer because he likes who he is working for and enjoys working for Defendant-Employer. Plaintiff remained employed with Defendant-Employer as of the date of the hearing before the Deputy Commissioner.

---

[2] Plaintiff argues *Snyder* and a Deputy Commissioner opinion in *Gregory S. Carpenter v. Commonscope Holding Co., Inc.*, Op. Award, I.C. No. X30121 (N.C.I.C. Oct. 13, 2014) stand for the proposition that "there is no requirement in the law that an employee attempt to obtain employment elsewhere . . . if the employee continues to work with the employer in a make work job." This argument has two shortcomings. First, neither decision constitutes binding precedent. *See Musi v. Town of Shallotte*, 200 N.C. App. 379, 383, 684 S.E.2d 892, 896 (2009) (explaining that *stare decisis* mandates decisions by one court binds courts of the same or lower rank); N.C. R. App. P. 30(e)(3) (2019) (articulating the non-precedential value of unpublished opinions). Second, *Snyder* is first and foremost rooted in deference to a well-reasoned Full Commission reasonable effort determination. *Snyder* at *12 ("[O]ur holding is simply that, based on our limited standard of review, the Commission's unchallenged findings of fact support its determination that Plaintiff made reasonable efforts to find employment under the specific facts of this case.").

This finding, under these circumstances, provides a sufficient basis for the Commission's determination that Plaintiff did not engage in a reasonable job search. As in *Snyder*, we affirm the Commission's well-reasoned conclusion of law, which, on this occasion, holds that Plaintiff failed to establish he is disabled under the second *Russell* method.

## ii. Futility

Plaintiff next argues that the Commission erred in concluding that Plaintiff did not prove disability through a showing of futility because he brought forward "no evidence" on this point.

Under *Russell*, an employee may meet his burden of proving disability by showing "the employee is capable of some work, but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment." 108 N.C. at 766, 425 S.E.2d at 457; *see also Wilkes v. City of Greenville*, 243 N.C. App. 491, 500, 777 S.E.2d 282, 289 (2015), *rev. allowed, writ allowed*, 784 S.E.2d 468 (N.C. 2016), *aff'd as modified*, 369 N.C. 730, 799 S.E.2d 838 (2017) (holding employee met his burden of proof that it was futile to seek sedentary employment when he had a tenth grade education, was 60 years old, had an IQ of 65, and was physically incapable of performing previous job); *Thompson v. Carolina Cabinet Co.*, 223 N.C. App. 352, 357, 734 S.E.2d 125, 128 (2012) (concluding it would be futile for the claimant to seek other employment because he was 45 years old, had

only completed high school, his work experience was limited to heavy labor jobs, and he was restricted to lifting no more than 15 pounds); *Johnson v. City of Winston Salem*, 188 N.C. App. 383, 392, 656 S.E.2d 608, 615 (2008) (holding that evidence tended to show that effort to obtain sedentary light-duty employment, consistent with doctor's restrictions, would have been futile given plaintiff's limited education, limited experience, limited training, and poor health); *Weatherford v. Am. Nat'l Can Co.*, 168 N.C. App. 377, 383, 607 S.E.2d 348, 352-523 (2005) (upholding Commission's conclusion that plaintiff was disabled under prong three based on plaintiff's evidence that he was 61, had only a GED, had worked all of his life in maintenance positions, was suffering from severe pain in his knee, and was restricted from repetitive bending, stooping, squatting, or walking for more than a few minutes at a time).

In the present case, on the claim of futility, the Commission found:

> 37. Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff has failed to show that he is disabled. . . . He has not . . . shown that it would be futile due to preexisting factors to search for work.

And then concluded:

> 5. Furthermore, Plaintiff has not otherwise proven that he is disabled. . . . No evidence was presented that Plaintiff is capable of some work, but that seeking work would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment.

However, the Commission also found:

1. At the time of the hearing before the Deputy Commissioner, Plaintiff was forty-nine years old. Plaintiff has a ninth-grade education and has worked primarily in the construction industry building houses or as a pipefitter.

2. Plaintiff began working for Defendant-Employer on June 4, 2007 as a pipefitter and he has been employed by Defendant-Employer since that date.

. . .

16. On March 21, 2016, Dr. Jaffe assigned Plaintiff permanent restrictions of no lifting more than twenty pounds, alternate sitting and standing, no bending, and to wear a brace while working. . . .

. . .

21. With regard to Plaintiff reaching maximum medical improvement, on 2 June 2017, Dr. Jaffe recorded that it was his opinion, . . . There are some days [Plaintiff] needs to leave work because of increased pain.

It is unclear how the Commission concluded that Plaintiff presented "no evidence" on futility given its findings reflect factors our appellate courts have found to support a finding of futility. Plaintiff's circumstance is quite similar, for example, to that of the employee in *Thompson* in the respective parties' ages, work experience, educational attainment, and work restrictions.[3] Plaintiff is 52 years old, 49 years old

---

[3] Neither the employee in *Thompson* nor any of the employees in the cases cited above benefited from a presumption of disability. Each of the employees met their burden of proving disability through a showing of futility under *Russell* and through *Medlin*. *See, e.g., Thompson*, 223 N.C. App. at 356, 734 S.E.2d at 127 ("In the instant case, plaintiff has met his initial burden to show that he was totally disabled from September 10, 2008 and continuing, by showing that a job search would be futile in light of his physical and vocational limitations.").

at the time of the hearing, has a ninth-grade education, has worked primarily in the construction industry building houses or as a pipefitter, and has been employed by Defendant for over ten years. *See Thompson*, 223 N.C. App. at 359, 734 S.E.2d at 129 ("[P]laintiff was, at the time of [the Commission's] decision, 45 years old, had only completed high school, and his work experience was limited to heavy labor jobs."). Plaintiff suffers from a ten percent permanent partial disability, which restricts him from lifting anything over 20 pounds and bending, and there "are some days [Plaintiff] needs to leave work because of increased pain." *Id.* ("[Plaintiff] was restricted to lifting no more than 15 pounds. . . . He was required to avoid repetitious bending, lifting, and twisting. . . . Further, plaintiff was experiencing steady pain, although that pain varied greatly in intensity."). These findings clearly constitute evidence consistent with a holding of disability as they implicate every factor stressed in *Russell*'s discussion of futility. 108 N.C. at 766, 425 S.E.2d at 457 ("[I]t would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment.").[4]

---

[4] While Defendant argues Plaintiff possesses "marketable skills" that show he would be able to find employment, the Commission made no findings that support Defendant's position.

In short, the Commission's conclusion that there was no evidence to support Plaintiff's claim of futility reflects a misapplication of the governing precedent and is undermined by its own findings (and lack thereof).[5]

### iii. Suitable Employment

We now turn to the Commission's holding that the fabrication shop position was suitable employment and not make work.

As previously discussed, makeshift positions or "made work" are those that have been so altered that they are not ordinarily available on the job market and thus are not indicative of an employee's earning capacity; this despite the fact the employee may be earning the same wages or more post-injury. *Peoples*, 316 N.C. at 437, 342 S.E.2d at 805. The harm the make-work inquiry aims to address is plain: "[i]f an employee has no ability to earn wages competitively, the employee will be left with no income should the employee's job be terminated." *Id.* at 438, 342 S.E.2d at 806.

---

[5] The dissent states that we cannot review the Commission's futility conclusion. Specifically, the dissent argues that finding of fact 37, which "found," in part, that Plaintiff had not "shown that it would be futile . . . to search for work" "is binding upon this Court" as it was not challenged by Plaintiff on appeal. *Griffin, infra* at ___. It is well-established, however, that labels are not dispositive in our review of a lower court's factual findings and conclusions of law. *See State ex rel. Utils. Comm'n v. Eddleman*, 320 N.C. 344, 352, 358 S.E.2d 339, 346 (1987) ("Proper labeling [of findings of fact and conclusions of law] might have made this Court's task a little easier, but we nonetheless have been able to separate facts from conclusions in examining appellants' various assignments of error."). Concluding that Plaintiff had not shown futility requires legal reasoning, *see* discussion *supra* Section III.B.ii, and, as such, constitutes a conclusion of law. *See In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) ("[A]ny determination requiring the exercise of judgment or the application of legal principles is more properly classified a conclusion of law."). Further, the Plaintiff unmistakably challenges this legal reasoning, meaning it is subject to *de novo* review by our Court. *Gregory*, 212 N.C. App. at 295, 713 S.E.2d at 74.

Assessing whether a position exists with employers beyond a defendant-employer is an essential part of the make-work inquiry, because

> [t]he Worker's Compensation Act does not permit [employers] to avoid [their] duty to pay compensation by offering an injured employee employment which the employee under normally prevailing market conditions could find nowhere else and which the employer could terminate at will, or . . . for reasons beyond its control.

*Peoples*, 316 N.C. at 439, 342 S.E.2d at 806. Thus, we look outward to the competitive marketplace to determine whether or not a position "accurately reflect[s] the person's ability to compete with others for wages . . . should the employee's job be terminated." *Id.* at 438, 342 S.E.2d at 806; *see Saums*, 346 N.C. at 765, 487 S.E.2d at 750 ("There is no evidence that employers, *other than defendant*, would hire plaintiff to do a similar job at a comparable wage.") (emphasis added); *Smith v. Sealed Air Corp.*, 127 N.C. App. 359, 489 S.E.2d 445 (1997) (holding a position make work when the employer failed to show that there were others who would hire claimant for a similar job at a similar wage).

In the instant case, the Commission's findings and conclusion failed to address the central tenet of the make-work analysis: whether the job is available with employers *other* than Defendant. There is no evidence in the record and no findings by the Commission as to whether the fabrication shop position exists in the competitive job market. Furthermore, there is no evidence that any employer, other than Defendant, would hire Plaintiff in the same or similar job. In fact, Plaintiff

18

highlighted record evidence indicating that even Defendant might not have hired him if not for their longstanding relationship.[6]

The Commission's assessment of whether Defendant offered Plaintiff suitable employment is inwardly focused. Its holding that "Defendant's *unique* hiring practice of hiring based upon word of mouth and personal recommendations" means the position was "available to individuals in the marketplace" exemplifies this shortcoming.[7] Such a conclusion defines the competitive marketplace based on Defendant's admittedly idiosyncratic employment practices, i.e., if it exists with this employer, then it is necessarily available on the open market under normal conditions. This, of course, is not so. And, as noted above, the Workers' Compensation Act does not find suitable positions an employee "could find nowhere else[,]" thus leaving him or her unemployable should his or her employer no longer offer said position.[8] *Peoples*, 316 N.C. at 439, 342 S.E.2d at 806.

---

[6] Mr. Younts' testimony is particularly salient on this point, where in response to Defense counsel's question, "If someone in [Plaintiff's] position here, only being able to lift twenty pounds, applied for a job in the loose material side, would that discount him from [the fabrication position] job?" Mr. Younts testified, "Yes, it probably would . . . Not knowing him, walk – walking in off the street, not having any recommendations from any other employers, yes it probably would."

[7] The narrowness of the Commission's conception of the marketplace is underlined when it concedes this position's sole connection to open competitive market is "confined to Defendant-Employer's unique 'advertisement[,]'" i.e., the aforementioned word of mouth and personal recommendations.

[8] The Commission also found that Defendant had a "regular and constant need to keep staffed" the position in question and did not "specifically tailor[] or create[] [it] for Plaintiff." Though Plaintiff challenges whether these findings are supported by competent evidence, a review of the record shows Mr. Younts testified that the position was permanent, Defendant had a regular and constant need to keep it staffed, and Defendant did not specifically tailor the position for Plaintiff. Given that this Court's duty in reviewing factual findings "goes no further than to determine whether the record

IV. Conclusion

For the above reasons, we affirm the Commission's findings and conclusion that Plaintiff did not make a reasonable but unsuccessful effort to obtain employment.

We reverse and remand for additional findings as to whether Plaintiff made a showing of disability since the only factual findings in the record are consistent with a conclusion of disability under the futility method from *Russell*.

Lastly, we remand for further findings as to whether the fabrication shop position is available on the competitive marketplace such that it constitutes suitable employment.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

Jude COLLINS concurs.

Judge TYSON concurs in part and dissents in part by separate opinion.

---

contains any evidence[,]" we conclude that the Commission's findings on these points are supported by competent evidence. *Adams v. AVX Corp.*, 349 N.C. at 681, 509 S.E.2d at 414. While these findings afford Defendant room to argue suitability on remand, they do not change the fact that the Commission's analysis was improperly skewed to focus on the employer's workplace as opposed to the broader marketplace.

TYSON, Judge, concurring in part and dissenting in part.

The majority's opinion correctly determines and properly affirms the Commission's findings and conclusion that Plaintiff failed to make any reasonable efforts to obtain other employment. Plaintiff failed to carry and meet his burden to prove any disability.

Overruling the Commission's unchallenged findings and conclusion by asserting a double-negative burden on *Defendant* to disprove disability through a showing of non-futility is error. This Court cannot disregard our appellate standard of review and substitute new fact findings on the evidence.

It is unnecessary to address either the futility or suitable employment arguments. Remand is unnecessary. Applying the correct appellate standard of review and long-established burdens on the Plaintiff, I vote to affirm the Commission's findings and conclusions of law in the Commission's opinion and award in their entirety. I concur in part and respectfully dissent in part.

## I. Standard of Review

The Supreme Court of North Carolina, and applied by this Court long ago, established the proper appellate standard of review of the Industrial Commission's opinion and award. An appellate "[c]ourt's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Richardson v. Maxim Healthcare/Allegis Group*, 362 N.C. 657, 660, 689 S.E.2d 582, 584 (2008) (citation and quotations omitted).

"The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965). "It is the duty of the Commission to decide the matters in controversy and not the role of this Court to re-weigh the evidence." *Starr v. Gaston Cty. Bd. Of Educ.*, 191 N.C. App. 301, 305, 663 S.E.2d 322, 325 (2008).

## II. Futility

The Commission's unchallenged finding of fact thirty-seven states:

> Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff has failed to show that he is disabled. To the contrary, a preponderance of the evidence shows that Plaintiff is able to earn his pre-injury wages with Defendant-Employer in a suitable position that is within his permanent work restrictions. Furthermore, none of Plaintiff's treating physicians have removed him from work in any employment. He has not made a reasonable, but unsuccessful search for work nor has he shown that it would be futile due to preexisting factors to search for work. Plaintiff has not proven that he is disabled in employment outside of his employment with Defendant-Employer.

This finding of fact is supported by competent evidence in the record, is not challenged by Plaintiff, and is binding upon this Court on appeal. The majority's opinion disregards long-established precedents and purports to substitute, re-cast, and re-weigh the evidence before the Commission to arrive at its conclusion. The Commission, not this Court, is the "sole judge of the weight and credibility of the

evidence." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000).

The majority's opinion seeks to re-classify finding of fact thirty-seven as a conclusion of law, to ignore long-established precedents in treating unchallenged findings of fact from the Commission as binding and to disregard the appellant's burden before the Commission and this Court. The majority's opinion's footnote cites a wholly inapposite juvenile neglect and dependency case. *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) ("[A]ny determination requiring the exercise of judgment or the application of legal principles is more properly classified a conclusion of law.").

The very next sentence in *Helms*, omitted by the majority, states "[a]ny determination reached through 'logical reasoning from the evidentiary facts' is more properly classified a finding of fact." *Id* (quoting *Quick v. Quick*, 305 N.C. 446, 452, 290 S.E.2d 653, 657-58 (1982)). Unlike *Helms*, where the application of statutory legal principles was involved, unchallenged finding of fact thirty-seven does not involve the application of legal principles, merely "logical reasoning from the evidentiary facts," and is correctly designated as an unchallenged and binding on appeal finding of fact. *Id.*

Beyond the error of improperly classifying and re-weighing the evidence, the majority opinion's analysis and application of *Russell v. Lowes Product Distribution*,

108 N.C. App. 762, 425 S.E.2d 454 (1993), is erroneous. All of the cases cited in the majority's opinion found competent evidence in their records *to uphold* the Commission's findings, properly applying the standard of review and the requirements of *Russell* to show futility. *See Wilkes v. City of Greenville*, 243 N.C. App. 491, 500, 777 S.E.2d 282, 289 (2015) (*upholding the futility* of seeking employment when plaintiff was sixty years old, had an IQ of 65, read at a second grade level, and was physically unable to complete the work), *aff'd as modified,* 369 N.C. 730, 799 S.E.2d 838 (2017); *Thompson v. Carolina Cabinet Co.*, 223 N.C. App. 352, 359, 734 S.E.2d 125, 129 (2012) (*upholding the futility* of a forty-five year old, who completed high school, was restricted to lifting no more than fifteen pounds, and whose prior work experience was limited to heavy labor jobs); *Johnson v. City of Winston-Salem*, 188 N.C. App. 383, 392, 656 S.E.2d 608, 615 (2008) (*upholding the futility* of finding a job of a thirty-eight-year-old high school graduate with conflicting testimony regarding futility); *Weatherford v. Am. Nat'l Can Co.*, 168 N.C. App. 377, 383, 607 S.E.2d 348, 352-53 (2005) (*upholding the futility* of a sixty-one-year-old maintenance worker who had retired due to inability to work due to knee pain).

Our Supreme Court in *Wilkes* examined a similar issue regarding futility when it also *upheld* the findings and an award of the Commission that it was futile for that plaintiff to seek sedentary employment. The plaintiff in *Wilkes* had a tenth-grade education, was over the age of sixty years old, and had a limited IQ of 65. *Wilkes*, 369

N.C. at 745, 799 S.E.2d at 849. Our Supreme Court upheld the Commission's findings concerning how anxiety and depression affected his ability to work but remanded for additional findings related to his compensable tinnitus. *Id.* at 746, 799 S.E.2d at 850. The findings related to his alleged compensable tinnitus were absent from the conclusion that the plaintiff was disabled. *Id.* at 747-48, 799 S.E.2d at 850.

Here, the Commission found no evidence of Plaintiff showing it "would be futile due to pre-existing factors to search for work" as a result of Plaintiff's only complained of injury. The Commission also made no bifurcated analysis and made only one conclusion which included all of Plaintiff's alleged injuries. No other unaddressed injury exists upon which to remand to the Commission for further findings. The holding in *Wilkes* is inapposite and does not support the majority's conclusion. *See id.*

The Court in *Wilkes* relied, in part, on *Peoples v. Cone Mills Corp.*, where our Supreme Court held: "In order to prove disability, *the employee* need not prove he unsuccessfully sought employment *if the employee* proves he is unable to obtain employment." *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 444, 342 S.E.2d 798, 809 (1986) (emphasis supplied). Under *Peoples*, Plaintiff, not Defendant, carries the burden to provide evidence of the futility of his established duty to find work, where disability has not been proven. *Id.* We all agree and concur in the Commission's finding and conclusion that Plaintiff failed to make any reasonable efforts to obtain other employment.

Here, the Commission found Plaintiff remains employed in a job at his original employer performing work his physician had approved at "his pre-injury wages," and hours, where he had been working for the past five years. Plaintiff, not his employer, carries the burden to prove he was unable to find work. *Id.* Nothing in the record supports the conclusion that Plaintiff made any effort to meet or carry this burden or demonstrate futility. *See id.*

In *Russell*, this Court *upheld* the Commission's findings of futility when a thirty-five-year-old fork-lift operator with a high school equivalency degree could no longer bend forward, engage in overhead activity, stand or sit for prolonged periods of time, or engage in prolonged lifting of any weight greater than twenty-five pounds. *Russell,* 108 N.C. App. at 766, 425 S.E.2d at 457.

In *Thompson*, our Court *upheld* the Commission's finding of futility where the claimant was a forty-five-year-old high school graduate who could not lift more than fifteen pounds. *Thompson*, 223 N.C. App. at 359, 774 S.E.2d at 129. This Court concluded "the Commission's findings are sufficient to support its conclusion that plaintiff met his burden of showing futility." *Id.*

By re-weighing the evidence, and comparing the characteristics and injuries of Plaintiff, the majority's opinion misconstrues and misapplies the holding of *Russell* and its progeny by ignoring an unchallenged and binding finding of fact, "rummage[ing] through the record" to support its notion to shift the burden and to

re-weigh the evidence to reach a contrary finding. *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 192 N.C. App. 114, 118, 665 S.E.2d 493, 497 (2008) (citation omitted).

Compounding this error of burden shifting and factual comparisons, the majority's opinion further disregards long-established precedents from our Supreme Court. Our Supreme Court held: "The relevant inquiry under G.S. 97-29 is not whether all or some persons with plaintiff's degree of injury are capable of working and earning wages, but whether plaintiff herself has such capacity." *Little v. Anson Cty. Schs. Food Serv.*, 295 N.C. 527, 531, 246 S.E.2d 743, 746 (1978).

The majority's opinion applies broad generalizations based upon re-weighing characteristics and capabilities, instead of the individualized analysis our Supreme Court articulated in *Little*, and as the Commission correctly applied here. In all the above cases, the Court upheld the findings and a conclusion of disability by the Commission. See *id.*

This Court also upheld the Commission's finding of futility in *Johnson*, where there had been conflicting testimony before the Commission regarding futility. *Johnson*, 188 N.C. App. at 392, 656 S.E.2d at 615. In *Weatherford*, the treating physician testified that if the plaintiff had not retired, the plaintiff would not have been allowed to continue to work. *Weatherford*, 168 N.C. App. at 383, 607 S.E.2d at

352-53. Our Court upheld the Commission's finding of disability when the worker retired after unsuccessfully attempting to return to work due to knee pain. *Id.*

Unlike cases cited in the majority's opinion which all uphold and support the Commission's finding of futility, the majority's opinion disregards the standard of appellate review, shifts the burden to the employer to prove a double negative, re-weighs the evidence, and overrules the Commission's findings and conclusions.

Plaintiff testified to the background of how he had sustained his injury and his ability to continue working as a pipe fitter. Since his injury, Plaintiff continues to work with Defendant at the same hours and wages with his physician's approval. We all agree the Full Commission correctly found and concluded Plaintiff is not disabled and had made no efforts to obtain other employment. Nothing suggests Plaintiff searched for and cannot find a job. No evidence shows he would not be able to find a job to fit his limitations, experience, and education after having been employed and working.

The majority's opinion unlawfully purports to shift and place a burden upon Defendant to prove competitive jobs exist in the market for which Plaintiff is qualified and can physically accomplish. This shifting of burden is error. Unless Plaintiff initially meets his *prima facie* case of proving disability, Defendant has no burden for production or proof. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). Plaintiff continues to work for his same employer at the same pre-injury

wages and hours with his physician's restrictions. We all agree Plaintiff failed to make any reasonable efforts to obtain other employment, and Plaintiff failed to carry and meet his burden to prove any disability.

III. Conclusion

Competent evidence in the whole record supports the Commission's unchallenged finding and conclusion that Plaintiff had not carried his burden to demonstrate disability or any futility to search for other suitable employment. The Commission's opinion and award is supported by undisputed facts: Plaintiff continues to work with his original employer, at his pre-injury hours, with his pre-injury schedule, and within his physician's restrictions. The Full Commission's findings of fact are unchallenged, and its conclusions and award is supported by competent evidence.

As the "sole judge of the weight and credibility of the evidence" the Commission's opinion and award is properly affirmed in its entirety. *Deese*, 352 N.C. at 116, 530 S.E.2d at 553. The majority's opinion disregards the appellate standard of review of the Commission's order, shifts and imposes a burden of proof upon Defendant without proof of disability, re-weights the evidence, and misapplies controlling precedents. *See id.* I vote to affirm the Commission's opinion and award in its entirety and respectfully dissent.